UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHIRLEY BROUGHTON, ) <br> ) <br> Plaintiff, ) <br> vs. ) <br> ) <br> SMITH'S FOOD & DRUG CENTERS, INC., ) <br> ) <br> Defendant. ) <br> ) | Case No.: 2:14-cv-01849-GMN-NJK <br><br> **ORDER** |

Pending before the Court is the Motion to Remand (ECF No. 7) filed by Plaintiff Shirley Broughton ("Plaintiff"). Defendant Smith's Food & Drug Centers, Inc. ("Defendant") filed a Response (ECF No. 11). For the reasons discussed below, Plaintiff's Motion to Remand is **DENIED**.

## I.  BACKGROUND

This case arises out of alleged injuries sustained by Plaintiff on Defendant's real property. (Compl. ¶ 6, ECF No. 1-1). Plaintiff alleges that she was injured "when a cabinet in the checkout line fell on her foot, causing the injuries which are set forth herein." (*Id.*). Plaintiff filed suit in state court on September 3, 2014, asserting the following claims: (1) negligence; (2) res ipsa loquitur; (3) products liability; (4) breach of warranty; and (5) negligent failure to warn of inherent foreseeable dangers. (*Id.* ¶¶ 6–27). Shortly thereafter, Defendant removed this action to this Court (*See* Pet. for Removal, ECF No. 1), and Plaintiff filed the instant motion (Mot. to Remand, ECF No. 7).

## II.  LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008) (citation omitted). For this reason, "[i]f at any time before final judgment it appears that the

district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  District courts have jurisdiction in two instances.  First, district courts have subject matter jurisdiction over civil actions that arise under federal law. 28 U.S.C. § 1331.  Second, district courts have subject matter jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

If a plaintiff files a civil action in state court, the defendant may remove that action to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a).  Removal statutes are strictly construed against removal jurisdiction. *Ritchey v. UpJohn Drug Co.*, 139 F.3d 1313, 1317 (9th Cir. 1998).  "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)).  The defendant always has the burden of establishing that removal is proper. *Gaus*, 980 F.2d at 566.

### III.   DISCUSSION

In its Notice of Removal, Defendant asserts that the parties are diverse because "Plaintiff was at the time of her Complaint and is now a citizen and resident of the State of Nevada," and Defendant "was at the time of the filing of Plaintiff's Complaint and is now an Ohio Corporation with its principal place of business in the State of Utah." (Notice of Removal ¶¶ 11–12, ECF No. 1).  Moreover, Defendant asserts that the amount in controversy requirement is satisfied because "Plaintiff's Complaint alleges that Plaintiff "was required to incur medical and related expenses in an amount in excess of $10,000.00," and "Plaintiff's total medical charges to date are $69,329.90." (*Id.* ¶¶ 9–10).

Regarding diversity of citizenship, Plaintiff asserts that "[p]ursuant to 28 U.S.C. § 1441 (b) an action is *only* removable if none of the defendants are citizens of the State in which the

action was brought," and "Defendants have not shown that they are not 'citizen[s] of the State in which such action is brought.'" (Pl.'s Mot. to Remand 3:11–17, ECF No. 7).  Moreover, Plaintiff asserts that "Defendants have shown that they are citizens of the State of Nevada as they are duly licensed, registered, and doing business in Nevada, which is the state in which this action was originally brought." (*Id.* 3:12–15).  For purposes of section 1441, 28 U.S.C. § 1332(c)(1) provides that "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  Defendant asserts and Plaintiff does not contest, that "SMITH'S is incorporated under the laws of the State of Ohio." (Response 3:26–27, ECF No. 10).

Moreover, a corporation's principal place of business "refer[s] to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).  Defendant asserts and Plaintiff does not contest, that all of Defendant's corporate officers work at the corporate headquarters in Salt Lake City, Utah. (Response 4:4–6).  Accordingly, Defendant's principal place of business is Utah.  Thus, for purposes of diversity jurisdiction, Defendant is a citizen of both Ohio and Utah, and because Plaintiff is a resident of Nevada, the parties are diverse.

Regarding amount in controversy, Plaintiff asserts that "Defendants have not proven by the preponderance of the evidence nor have they provided any competent proof that the amount in controversy exceeds $75,000.00." (Mot. to Remand 5:1–2).  On the other hand, Defendant asserts that Plaintiff's past medical expenses are $62,329.90, and Plaintiff also seeks recovery for future medical bills, lost past household services, future lost household services, lost earnings, lost earning capacity, pre-judgment interest and attorneys' fees. (Response 5:10–13). Moreover, Defendant asserts that "Plaintiff served Defendant with a demand for 'policy limits,'" and Defendant's policy limit is $5,000,000. (Response 5:27–28).  Accordingly, the Court finds that Defendant has shown, by a preponderance of the evidence, that the amount in

controversy exceeds $75,000.  Therefore, because the Court finds that the parties are diverse and the amount in controversy exceeds $75,000, the Court has subject matter jurisdiction over this matter and must deny Plaintiff's Motion.

IV. **CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand (ECF No. 7) is **DENIED**.

**DATED** this 13th day of March, 2015.

_____
Gloria M. Navarro, Chief Judge
United States District Judge